UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARECIA S. BELL,

    Plaintiff,

v.                                   Case No. 8:20-cv-1274-VMC-CPT

DENIS McDONOUGH, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant's "Motion to Dismiss Remaining Claims." (Doc. # 65). Plaintiff has responded. (Doc. # 75). For the reasons explained below, the Motion is granted.

**I.  Background**

This case was filed in June 2020 by Plaintiff Marecia Bell against the Department of Veterans Affairs (the VA). (Doc. # 1). In the Complaint, Bell asserted claims for racial discrimination under Title VII (Count One); retaliation under Title VII (Count Two); and a hostile work environment under Title VII (Count Three). (Id.). The VA thereafter filed an answer. (Doc. # 24). On February 17, 2022, this Court entered an order granting in part and denying in part the VA's Motion for Summary Judgment. (Doc. # 58). As to the racial

1

discrimination claim, the Court granted summary judgment to the VA with respect to Bell's claim of racial discrimination pertaining to personnel decisions in connection with her employment with the Spinal Cord Injury ("SCI") unit and her request for leave without pay, but it allowed Bell's claim of racial discrimination with respect to her employment with the VA's Home Based Primary Care ("HBPC") program to continue. (Id. at 25). The Court also granted summary judgment to the VA on Bell's claims for retaliation and a retaliatory hostile work environment. (Id. at 32, 34). Thus, only Count One survived summary judgment and only to the limited extent it was based on the VA's treatment of Bell regarding the HBPC program.

Now, the VA requests that the Court dismiss Bell's remaining claim – the limited portion of Count One pertaining to Bell's tenure with the HBPC program – for failure to exhaust administrative remedies and for mootness. (Doc. # 65). During summary judgment, the parties did not present and the Court did not consider any arguments pertaining to administrative exhaustion. It appears that, prior to the summary judgment Order being issued, the VA believed that Bell had accepted its defense that the incidents at issue in this order were untimely as discrete incidents of racial

2

discrimination, and the parties understood these incidents only to be background facts supportive of Bell's hostile work environment claim. At summary judgment, the parties did not present the Court with Bell's complete 2019 EEOC documents and, in reliance on certain of Bell's allegations in the complaint, see (Doc. # 1 at ¶¶ 38-41), it treated two of the incidents described by Bell as discrete incidents of racial discrimination.

The VA now argues that the remaining adverse actions underlying Count One are not actionable as discrete acts because Bell waited more than a year after the alleged acts to contact an EEOC counselor regarding two of the remaining trial claims, and that she never raised the third remaining trial claim at the administrative level at all. (Doc. # 65). As such, the VA argues that Plaintiff failed to exhaust her administrative remedies and that the remaining adverse actions in Count One should be dismissed.

Bell counters that she attempted to administratively raise her complaints vis-à-vis her tenure with the VA's HBPC program but that, essentially, she mistakenly failed to follow the formal process. (Doc. # 75). Bell therefore argues that the Court should modify or alter the administrative exhaustion requirement on equitable grounds. (Id. at 5-6).

3

The documents that the parties attach to their pleadings demonstrate the following facts. On March 22, 2018, Bell filed a formal EEOC complaint, raising allegations of racial discrimination and reprisal that occurred in February and March of 2018 (Case No. 200I-0673-2018102629 (hereafter, the "102629 Case")). (Doc. # 65-2 at 2-3). All of the complained-of incidents in the March 22, 2018, formal complaint pertained to Bell's time with the SCI unit. (Id. at 5-9, 17). Per the evidence submitted at summary judgment, Bell did not move to the HBPC unit until late March 2018. (Doc. # 46-2 at 34 (131:1-3), 640-43). The EEOC issued its report in the 102629 Case on August 28, 2018. (Doc. # 65-2 at 20-31).

On November 12, 2019, Bell filed a second formal EEOC complaint (Case No. 200I-0573-2019105279 (hereafter, the "105279 Case")). (Doc. # 65-3 at 3). Bell initiated contact with a counselor in that case on August 22, 2019. (Id. at 2). In her submission in the 105279 Case, Bell wrote that the racial discrimination, harassment, and retaliation that she experienced while on the SCI unit had "escalate[d]" – she wrote that Chief Nurse Raina Rochon and Dr. June Leland, the medical director of the Tampa VA's HBPC program, had tried to block her from joining the HBPC program and, once she was accepted into the program, continued to "harass" her and

4

subject her to disparate treatment and racial discrimination. (Id. at 4). As Bell explained it in her submission, she was the only Black nurse assigned to drive to patients' home across two counties. (Id.).

In January 2020, the EEOC accepted Bell's claim in the 105279 Case as follows: It accepted her hostile work environment claim based on events from "March 2019" to the present. (Id. at 13). The EEOC letter identified an allegation that "[i]n April 2019,[1] Dr. Leland assigned [Bell] an unfair workload requiring her to conduct patient visits between two counties, the farthest travel distance." (Id.). However, the EEOC explicitly stated in its letter that this event "is a discrete act that was not raised within 45 days of occurrence and is DISMISSED as an independently actionable claim[.]" (Id.). The letter also identified an allegation that "[i]n March 2019, [Bell's] release date to her new staff nursing position was delayed," but this was only accepted as part of the hostile work environment claim. (Id.).

Bell argues that, on September 19, 2018, she advised LaWanda Spencer, a counselor with the VA's Office of

---

[1] The dates of this incident and the "March 2019" release date incident should have been reported as March 2018 and April 2018. (Doc. # 65-3 at 23, nn. 1 & 2).

5

Resolution Management, that she wanted to file a complaint based on race discrimination and reprisal against Dr. Leland based on Dr. Leland's efforts to block Bell from joining the HBPC program. (Doc. # 75-1 at 1-11). On September 21, 2018, Spencer sent Bell an acknowledgement letter and the matter was assigned Case No. 200I-0673-2018106354 (hereafter, the "106354 Case"). (Id. at 12).

The record reflects that in December 2018 Bell emailed Spencer to follow up on her complaint. (Id. at 15). Spencer responded that the "Notice of Right to File Formal EEO complaint" was issued to Bell and received on October 29, 2018. (Id.). When Bell did not timely file her formal complaint, the matter was closed out on November 23, 2018. (Id.). According to Bell, she believed these new allegations would be folded into an existing EEOC complaint and did not realize what steps needed to be taken to preserve her claim in the 106354 Case. (Id. at 19-20).

## II. Analysis

The VA has styled its request as a "motion to dismiss" but it is more properly considered a motion for reconsideration of the Court's prior summary judgment Order. See Akkasha v. Bloomingdale's, Inc., No. 17-CV-22376, 2019 WL 7480652, at *6 (S.D. Fla. Dec. 18, 2019) (considering a post-

6

summary judgment motion on failure to exhaust administrative remedies as a motion for reconsideration). A court has the power to revisit its own prior decisions. Tristar Lodging, Inc. v. Arch Specialty Ins. Co., 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006). There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Instituto de Prevision Militar v. Lehman Bros., Inc., 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007). If a court's prior ruling was clearly erroneous, it would be "wasteful and unjust to require the court to adhere to its earlier ruling." Id.

In response to the Motion, Bell argues that she was confused about the EEOC process and was given incorrect information by the counselor, and she therefore asks that this Court grant her equitable relief from the typical administrative exhaustion requirements.

"Under Title VII and the Rehabilitation Act, Federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act." Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008). "Generally, when the claimant does not

7

initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." Id. However, there are exceptions for equitable tolling, waiver, and estoppel. Morrison v. Brennan, No. 8:17-cv-2850-TPB-AEP, 2019 WL 5722122, at *2 (M.D. Fla. Nov. 5, 2019). But the Eleventh Circuit has cautioned that courts should only apply the tolling rules sparingly, "such as when a plaintiff has actively pursued remedies but filed a defective timely pleading or when she was induced or tricked by her employer's misconduct into allowing the deadline to pass." Hunter v. U.S. Postal Serv., 535 F. App'x 869, 872 (11th Cir. 2013). The purpose of the exhaustion requirement is "to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." Brown v. Snow, 440 F.3d 1259, 1263 (11th Cir. 2006).

Here, with the benefit of the parties' additional documents and briefing, it is apparent that Bell's remaining claim is untimely. First, on her claim that Dr. Leland and others within the HBPC tried to block her transfer to that program on the basis of her race and/or as reprisal for her former EEOC activity, the actions Bell complained off took place in March 2018. It is undisputed that Bell did not bring these allegations to the EEOC and did not initiate the 106354

8

Case until September 2018 – well after the 45-day limit had run. Bell does not allege that the VA induced or tricked her into allowing the deadline to pass or that she otherwise tried to initiate contact with the EEOC in this timeframe.

While Bell states that Spencer incorrectly told her that the September 2018 allegations would be added to an existing EEOC complaint and/or misled Bell that she should wait to be contacted by the investigator, this discrepancy is unpersuasive because it is undisputed that Bell did not raise her concerns pertaining to the events of March and April 2018 with Spencer until September 2018. Thus, the claims were already outside of the 45-day period when Bell first raised them to Spencer.

Second, as to her claim that Dr. Leland actively assigned her to routes and patients that unfairly required Bell to drive longer distances than other nurses, there is no indication that this claim was ever raised in the 106354 Case. It was raised as part of the 105279 Case, but the EEOC explicitly identified that allegation as an untimely discrete claim and dismissed it. Therefore, the record is clear that the EEOC never substantively investigated or addressed either of these claims.

Finally, the VA argues that Bell "never raised the third Claim at the administrative level at all," (Doc. # 65 at 1), referring to Bell's allegations that the VA unfairly blocked her from taking advantage of certain parking privileges while she worked for the HBPC program. To be clear, the Court referenced this by way of background and did not view it as a discrete claim. See (Doc. # 58 at 24 (referencing certain deposition testimony that Dr. Leland allegedly treated Black staff members unfairly, including unfairly blocking Bell and another Black nurse from taking advantage of certain parking privileges)). And in any event, the Court agrees with the VA that this allegation was not raised at all by Bell before the EEOC.

Although cognizant that courts are "extremely reluctant to allow procedural technicalities to bar claims" brought under Title VII, see Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004), the Court also bears in mind that the ultimate purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employer and the employee. Brown v. Snow, 440 F.3d at 1263. Here, because Bell never properly brought these two discrete claims to the agency's attention and the agency therefore never had the opportunity to

investigate those claims except as part of her hostile work environment claim, that requirement has not been met.

Nor has Bell shown that she is entitled to be one of the rare cases granted equitable relief from the administrative-exhaustion requirements. While administrative exhaustion deadlines under Title VII are not jurisdictional requirements and are therefore subject to equitable modification, the Supreme Court has warned that equitable modification should not be liberally construed; rather, only under certain circumstances should the doctrine be applied. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."); Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980) ("[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."). "As a general rule, 'equitable tolling' may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Baker v. Peters, 145 F. Supp. 2d 1251, 1257 (M.D. Ala. 2000) (enunciating the limited circumstances recognized by the

Eleventh Circuit as grounds for equitable modification of the administrative exhaustion requirements in employment discrimination cases).

There is no evidence here that the VA actively misled Bell, that she was thwarted in some "extraordinary way" from asserting her rights, or that she mistakenly asserted her rights in the wrong forum. If anything, the record demonstrates that Bell not only had been through the EEOC process twice before these claims surfaced, but ORM counselor Spencer specifically told Bell about the time limits for filing her formal complaint. Under these circumstances, the Court cannot say that this is an extraordinary case in which equitable relief is appropriate.

Thus, reconsideration is warranted to prevent manifest injustice. Upon reconsideration, the Court determines that Bell's racial discrimination claim with respect to her time at the HBPC program was not administratively exhausted. Thus, Bell may not pursue it further. Accordingly, the VA's Motion for Summary Judgment is granted on all counts.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's "Motion to Dismiss Remaining Claims" (Doc. # 65), which the Court construes as a motion for

reconsideration of its prior summary judgment order, is **GRANTED**.

(2) Upon reconsideration, Defendant's Motion for Summary Judgment (Doc. # 46) is **GRANTED** as to all counts for the reasons stated herein and in the Court's February 17, 2022, Order.

(3) The Clerk shall enter judgment in favor of Defendant the Secretary of the Department of Veterans Affairs and against Plaintiff Marecia Bell.

(4) Once judgment has been entered, the Clerk shall terminate all deadlines and pending motions, and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of June, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE